NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TORMU E. PRALL, | : | |
| Petitioner, | : | Civil Action No. 18-2614 (BRM) |
| v. | : | **OPINION** |
| WARDEN, | : | |
| Respondent. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is pro se prisoner Tormu Prall's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1.)[1] Having reviewed the submissions filed in connection with the petition, for the reasons set forth below and for good cause appearing, the Court will not dismiss the Petition as unexhausted at this time, and Petitioner has forty-five (45) days to file a motion to stay his Petition while he exhausts his claims in state court.

**I. BACKGROUND**

In his Petition challenging his 2013 state court conviction for murder, attempted murder and aggravated arson, Petitioner raises the following grounds for relief:

> Ground One: Petitioner was denied access to pre-trial letters to him from state witnesses which attested to his innocence

---

[1] Also before this Court is a Motion to Dismiss filed by Respondent for failure to exhaust state court remedies. (ECF No. 8.) In the Court's April 20, 2018 Order to Answer, the Court permitted Respondent to "file a Motion to Dismiss the Petition *on timeliness grounds only*." (ECF No. 2) (emphasis added). If Respondent did not file a Motion to Dismiss, Respondent was instructed to file "a full and complete answer to all claims asserted in the Petition." (*Id.*) Despite the lack of compliance with the Order to Answer, the Court will nevertheless address the issue of exhaustion and dismiss Respondent's Motion as moot.

Ground Two: Various "outrageous government conduct," which includes:

- Prosecution "doctored" six photographs of Petitioner to appear he had fire scarred lips and hands when he was arrested, even though state witnesses testified he did not have such injuries during his interviews

- Admission of testimony from State's witness Jessie Harley, Petitioner's girlfriend at the time of the fire, regarding Harley finding Petitioner's yellow tee shirt in her house after the fire with what appeared to be dried blood and skin on it

- Admission of testimony from Harley that Petitioner did not have a cell phone and was jobless at the time of the fire

- Admission of testimony from Harley about Petitioner wanting to kill his brother using gasoline

- Prosecutor's summation comments regarding Petitioner not being seen or heard from again by family or friends after the fire and Petitioner not attending his brother's funeral

- Prosecution's theory that Petitioner murdered his brother because he was angry about being asked to contribute to utility bills for the household

Ground Three: Officers used excessive force to extort a statement from Petitioner about the crimes

Ground Four: Trial counsel was ineffective for failing to challenge two voicemails played at trial and failing to challenge Petitioner's extradition from Connecticut to New Jersey as improper

(Pet. ¶ 12.)

Petitioner raised these issues in his pro se supplemental brief on direct appeal in state court. (Answer, Ex. 8, ECF No. 8-10.) The Appellate Division rejected all arguments made in his pro se supplemental brief, but reversed his conviction based on the admission of prejudicial evidence. *State v. Prall*, No. A-6048-12T1, 2015 WL 11438112, at *2 (N.J. Super. Ct. App. Div. Aug. 12,

2016). The State filed a petition for certification to the New Jersey Supreme Court and the court reversed the Appellate Division's decision and reinstated Petitioner's convictions. *State v. Prall*, 177 A.3d 755 (N.J. 2018). By his own admission, Petitioner did not file a cross-petition for certification on any of the issues contained in his pro se supplemental brief to the Appellate Division. (Pet. ¶ 13.)

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). The petitioner must afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v.*

*Gray*, 543 F.2d 466, 472 (3d Cir. 1976)); *see also Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine therefore requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts—that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. 838; *Rose v. Lundy*, 455 U.S. 509 (1982).

There are exceptions to the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(B) (exhaustion is excused if "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."). More specifically, the Third Circuit has found exhaustion is futile, and therefore excused, where "a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field; where the state provides no means of seeking the relief sought; or where the state courts have failed to alleviate obstacles to state review presented by circumstances such as the petitioner's pro se status, poor handwriting and illiteracy." *Lines v. Larkins*, 208 F.3d 153, 162–63 (3d Cir. 2000) (internal citations and quotation marks omitted). Futility of exhaustion is also established if the state court would refuse to hear the merits of the claims on procedural grounds. *Id.* at 163.

**III. DECISION**

All claims in the Petition are unexhausted. Petitioner concedes as much by acknowledging none have been brought before the New Jersey Supreme Court. (Pet. ¶ 13.) By arguing these claims were not raised in the petition for certification because his attorney refused to do so, it appears he

4

is suggesting exhaustion would be futile and he is therefore attempting to overcome procedural default.[2] *See Lines*, 208 F.3d at 160 ("[C]laims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ."); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (noting that, under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule," but "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.").

However, exhaustion is not futile unless state law clearly forecloses state court review. *Lines*, 208 F.3d at 162-63. While it appears possible the New Jersey Supreme Court would procedurally bar any cross-petition for certification Petitioner files *nunc pro tunc* or he may be procedurally barred from filing a petition for post-conviction relief, it is certainly not "clear." *Id.*; *see also Mathis v. Attorney Gen. of New Jersey*, 732 F. App'x 138, 142, n.5 (3d Cir. 2018) (discussing New Jersey courts' relaxation of their own procedural rules). Because state law does not clearly foreclose state court review of Petitioner's claims, exhaustion is not futile in this case and the Petition is subject to dismissal as unexhausted. *Id.* ("We will not presume how the state courts would rule on procedural default and, rather than dismissing with prejudice on that ground, will merely dismiss without prejudice for failure to exhaust state remedies.") (internal citations and quotation marks omitted); *see also Lines*, 208 F.3d at 153, 159-60 (3d Cir. 2000).

---

[2] In his Reply, Petitioner also appears to argue the cause of his procedural default was prison officials' interference with outgoing mail because his attorney never received his pro se petition for certification. (ECF No. 9.)

The Court is aware dismissal of the Petition as unexhausted at this juncture may jeopardize his ability to obtain federal review.[3] In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with AEDPA purposes, *Rhines*, 544 U.S. at 276, and "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278; *see also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims). The *Rhines* Court explained:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under [*Rose v. Lundy*, 455 U.S. 509 (1982)] after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1–year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

*Rhines*, 544 U.S. at 275; *see also Floyd v. Ricci*, No. 09-5338 (PGS), 2010 WL 2836611, at *2 (D.N.J. July 8, 2010) (explaining same).

---

[3] While Petitioner still has approximately one month remaining in his one-year statute of limitations period, it is unclear whether the filing of a cross-petition for certification *nunc pro tunc* and/or a post-conviction relief petition would re-start or toll the period. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (granting of an out-of-time direct appeal re-sets AEDPA statute of limitations start date); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction relief petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and citation omitted).

Because Petitioner's statute of limitations period may be an issue, and, in light of his pro se status, the Court will not dismiss the Petition as unexhausted at this time. Rather, the Court will give Petitioner forty-five (45) days to file a motion to stay his Petition while he exhausts his claims in state court. Petitioner is advised if he files a motion to stay his Petition, he must address the requirements as set forth in *Rhines*. If he does not file a motion to stay within forty-five (45) days, Petitioner is further advised his Petition is subject to dismissal as unexhausted without further notice from this Court.

An appropriate order follows.

Dated: March 29, 2019

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**