UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TORMU E. PRALL,

    Petitioner,

v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, et al.,

    Respondents.

Civil Action No. 3:18-cv-2614 (BRM)

**MEMORANDUM OPINION**

**THIS MATTER** is opened to the Court by *pro se* prisoner Tormu E. Prall ("Petitioner"), upon the filing of a "Motion to Order the Respondent to Respond to the Speedy Trial Claim." (ECF No. 19.) Petitioner also has a petition for a writ of habeas corpus (the "Petition") (ECF No. 1) brought pursuant to 28 U.S.C. § 2254 that is pending before the Court. For the reasons set forth below, Petitioner's motion is **DENIED**.

    1.    Petitioner was charged and convicted after a jury trial, of first-degree felony murder, first degree murder, second-degree aggravated arson, and first- degree attempted murder in Mercer County Superior Court for the murder of his brother and attempted murder of his brother's girlfriend. *State v. Prall*, 177 A.3d 755 (N.J. 2018). Following his conviction, Petitioner appealed his conviction to the Appellate Division, which reversed the conviction based on admission of inadmissible hearsay at Petitioner's trial.[1] *Id.* at 571. The State subsequently filed a petition for certification to the New Jersey Supreme Court. *Id.* The Supreme Court reinstated

---

[1] The Court notes Petitioner raised a speedy trial claim in his *pro se* supplemental brief on direct appeal which the Appellate Division denied pursuant to New Jersey Rule 2:1-3(e)(2).[1] (ECF Nos. 18-7 at 6-11, 18-9 at 38.) This rule authorizes an affirmance when in an appeal of a criminal, quasi-criminal or juvenile matter, the Appellate Division determines that some or all of the arguments made are without sufficient merit to warrant discussion in a written opinion.

Petitioner's convictions, finding "the [trial] errors were not capable of producing an unjust result because of the overwhelming weight and quality of the evidence against the defendant." (*Id.* at 571-72.)

2.      Shortly after the Supreme Court of New Jersey affirmed Petitioner's conviction, he filed a federal habeas petition in this Court. (ECF No.1). Thereafter, Petitioner filed a motion for leave to file a notice of petition for certification as within time, before the Supreme Court of New Jersey. (ECF No. 18-17.) The Supreme Court of New Jersey denied Petitioner's motion for leave to file a notice of petition for certification as within time. (ECF No. 18-19.)

3.      Petitioner's federal petition for writ of habeas corpus raises four grounds for relief. (ECF No. 1). Respondents filed an answer to the petition which addressed all of Petitioner's grounds for relief. (ECF No. 18.) Petitioner then filed the instant motion along with his reply to the Respondent's answer. (ECF No. 19.)

4.      Petitioner asks the Court "to order Respondent to answer to the speedy trial and post-verdict delays in paragraphs 1-4, and 10-15 of the certification submitted with ground one of the application for habeas corpus. Should I have to take an appeal that issue need to be addressed." (ECF No. 19 at 1-2.)

5.      As the Court previously noted, Petitioner raises four grounds for relief in his federal habeas petition. (ECF No. 1.) None of these claims relate to a purported violation of his constitutional speedy trial rights. Respondent also notes, to the extent Petitioner is attempting to raise a speedy trial claim in his federal habeas petition, that claim is procedurally barred. (ECF No. 20 at 2-3.)

6.	Petitioner is not seeking to amend his federal habeas petition to add a speedy trial violation claim and the Court does not construe the motion as one to amend the petition.[2] On February 13, 2018, Petitioner provided notice pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), acknowledging he included all the grounds for relief from the conviction or sentence in this petition and that failing to do so, may bar him from presenting additional grounds at a later date. (ECF No. 1 at 28.) Assuming *arguendo*, Petitioner is attempting to add a new claim, it does not relate back to the original petition, and he is time-barred from doing so under the one-year statute of limitations. *See Mayle v. Felix*, 545 U.S. 644, 662 (2005).

7.	The Court, therefore, denies Petitioner's motion. Further, the Court will consider the parties submissions as they relate to the underlying federal habeas petition, in due course.

An appropriate order will follow.

Dated: September 25, 2020

						*/s/ Brian R. Martinotti*
						**HON. BRIAN R. MARTINOTTI**
						**UNITED STATES DISTRICT JUDGE**

---

[2] Petitioner does not include any arguments in support of his motion, thereby making it difficult for the Court to construe the nature of his "speedy trial" claim. To the extent, he is arguing the Respondent has not supplied an adequate answer to any of the claims in his federal habeas petition, the Court may order supplemental briefing from the Respondent if deemed necessary.