<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TORMU E. PRALL,<br><br>Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *et al.*,<br><br>Respondents. | Case No. 3:18-cv-02614 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  **THIS MATTER** is before the Court on Petitioner Tormu E. Prall's ("Petitioner") motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 35.) The Court previously dismissed Petitioner's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. (ECF Nos. 28 and 29.) For the reasons set forth below, Petitioner's motion for relief from judgment is **DENIED**.

  **I.**  **BACKGROUND**

  The procedural and factual background of Petitioner's conviction is fully set forth in this Court's February 25, 2021 Opinion. (ECF No. 28.) Accordingly, the Court outlines only the information necessary for the instant Motion.

  On January 31, 2013, following a jury trial, Petitioner was convicted of first-degree felony murder, N.J.S.A. § 2C:11-3(a)(3); first-degree murder, N.J.S.A. § 2C:11-3(a)(2); second-degree aggravated arson, N.J.S.A. § 2C:17-1(a)(1); and first-degree attempted murder, N.J.S.A. § 2C:11-3 and N.J.S.A. § 2C:5-1. *State v. Prall*, 177 A.3d 755, 759-60 (N.J. 2018). More specifically,

Petitioner was "convicted of the arson murder of his brother, John Prall [], and the attempted murder of John's girlfriend, Kimberly Meadows." *Prall*, 177 A.3d at 757. Petitioner was sentenced to an aggregate custodial term of life in prison plus twenty years subject to the No Early Release Act, N.J.S.A. § 2C:43-7.2, eighty-five percent parole disqualifier. *See State v. Prall*, No. A-6048-12T1, 2015 WL 11438112, at *1 (N.J. Super. Ct. App. Div. Aug. 12, 2016).

On September 2, 2014, Petitioner filed a counseled Notice of Appeal with the Appellate Division. (*See* ECF No. 18-6; *see also Prall*, 2015 WL 11438112, at *1.) On October 16, 2014, Petitioner filed a *pro se* supplemental brief raising additional claims. (*See* ECF No. 18-7.) On August 12, 2016, the Superior Court of New Jersey, Appellate Division, reversed Petitioner's conviction based on the second and third claims in Petitioner's counseled appellate brief. *Prall*, 2015 WL 11438112. The Appellate Division summarily rejected all arguments made in Petitioner's *pro se* brief as meritless. *Id.* at *2; N.J. Ct. R. 2:11-3(e)(2). The State filed a petition for certification to the New Jersey Supreme Court and the Supreme Court reversed the Appellate Division's decision and reinstated Petitioner's convictions. *Prall*, 177 A.3d 755.

On February 23, 208, Petitioner filed his federal habeas petition with this Court, raising the following claims:

> Ground One: Petitioner was denied access to pre-trial letters to him from state witnesses which attested to his innocence.
>
> Ground Two: Various "outrageous government conduct," which includes:
>
> • Prosecution "doctored" six photographs of Petitioner to appear he had fire scarred lips and hands when he was arrested, even though state witnesses testified he did not have such injuries during his interviews
>
> • Admission of testimony from State's witness Jessie Harley, Petitioner's girlfriend at the time of the fire, regarding Harley finding Petitioner's yellow tee shirt

2

> in her house after the fire with what appeared to be dried blood and skin on it
>
> • Admission of testimony from Harley that Petitioner did not have a cell phone and was jobless at the time of the fire
>
> • Admission of testimony from Harley about Petitioner wanting to kill his brother using gasoline
>
> • Prosecutor's summation comments regarding Petitioner not being seen or heard from again by family or friends after the fire and Petitioner not attending his brother's funeral
>
> • Prosecution's theory that Petitioner murdered his brother because he was angry about being asked to contribute to utility bills for the household
>
> Ground Three: Officers used excessive force to extort a statement from Petitioner about the crimes
>
> Ground Four: Trial counsel was ineffective for failing to challenge two voicemails played at trial and failing to challenge Petitioner's extradition from Connecticut to New Jersey as improper.

(ECF No. 1 ¶ 12.) On March 29, 2019, the Court found Petitioner's claims were unexhausted, noting although Petitioner had raised these claims in his *pro se* supplemental brief to the Appellate Division, he failed to file a cross-petition for certification with the New Jersey Supreme Court raising any of his claims. (ECF No. 11 at 4.) The Court granted Petitioner forty-five days to file a motion to stay so he could exhaust his claims in state court. (*Id.* at 7.) On April 11, 2019, Petitioner filed a request to file a notice of petition for certification with the New Jersey Supreme Court *nunc pro tunc*. (ECF No. 18-17.) On September 10, 2019, the New Jersey Supreme Court denied Petitioner's motion for leave to file a notice of petition for certification as within time. *State v. Prall*, 216 A.3d 967 (N.J. 2019).

On February 25, 2021, the Court found Petitioner's habeas claims were procedurally defaulted and denied the § 2254 petition as procedurally barred from federal habeas review. (*See*

3

*generally* ECF No. 28.) Petitioner requested a certificate of appealability from the United States Court of Appeals for the Third Circuit, but that request was denied on July 15, 2021. (ECF No. 33.)

On March 11, 2022, Petitioner filed the instant motion for relief from final judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 35.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. S*ee Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988).

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc, Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach . . . that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a

motion, however, is warranted only in the "extraordinary circumstance[] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120. A Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Further, where, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(b). The Third Circuit has explained:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

Petitioner's Rule 60(b)(6) motion does not seek to collaterally attack his underlying conviction. Accordingly, this Court can adjudicate his motion on the merits.

### III.  DECISION

Petitioner's motion for reconsideration requests the Court reconsider its prior finding that the claims in his habeas petition were procedurally defaulted under Rule 60(b)(4), (5) and (6). (ECF No. 35 at 1.) Petitioner makes two arguments. First, Petitioner alleges the Court "inequitably denied [his] habeas petition on procedural grounds" because interference with outgoing mail by "prison officials with what prevented [] Petitioner and his Appellate Counsel from complying with the procedures the state adopted for filing a *pro se* supplemental brief." (*Id.* at 4.) Second,

Petitioner re-asserts ground three of his habeas petition and argues his Fifth Amendment right to counsel was violated during the officers' interrogation of Petitioner.[1] (*Id.* at 4-6.)

Although Petitioner submits that he is moving under Rule 60(b)(4), (5) and (6), Petitioner makes no argument regarding Federal Rule of Civil Procedure (60)(b)(4) or (5). As such, the Court construes the instant motion as asserting Rule 60(b)(6).

Petitioner's motion challenges the manner in which he received his habeas judgment, rather than collaterally attack his state court judgment. As such, the Court will adjudicate the merits of the claims under Rule 60(b). Petitioner has not shown the extraordinary circumstances necessary for relief under Rule 60(b)(6). The Supreme Court has noted that "our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Petitioner fails to assert any argument that would show extraordinary circumstances. Petitioner makes a conclusory argument that alleges the prison mail prevented Petitioner's appellate counsel from filing his *pro se* notice of petition for certification with the New Jersey Supreme Court. Petitioner reiterates arguments already addressed by this Court in its prior Opinion. In this Court's Opinion denying Petitioner's habeas petition, the Court addressed Petitioner's allegations that direct appeal counsel refused to file a cross-petition for certification with the New Jersey Supreme Court and his argument that the prison mail prevented counsel from filing said petition for certification. (ECF No. 28 at 14.) The Court explained:

> Petitioner alleges that direct appeal counsel "refused to cross-petition on the claims in the instant petition." (ECF No. 1 ¶ 13.) However, in his request to file a notice of petition for certification

---

[1] Ground three of Petitioner's habeas petition alleged "officers used excessive force to extort a statement from Petitioner about the crimes." (*See* ECF No. 1.)

> with the New Jersey Supreme Court *nunc pro tunc*, Petitioner submitted to the Court that he had given his housing officer an envelope addressed to counsel which contained a *pro se* notice of petition for certification and the officer provided petitioner with a receipt. (ECF No. 18-17 at 1-2.) Petitioner submitted that when he inquired into why the petition was not filed, counsel informed Petitioner that he never received the envelope. (*Id.* at 2.) Petitioner now alleges counsel "refused" to file the petition, which conflicts with the explanation he provided to the New Jersey Supreme Court. Additionally, Petitioner alleged he sent counsel a "*pro se* notice of petition," but fails to explain why he did not just file the *pro se* document with the New Jersey Supreme Court. In order to prove cause, Petitioner must show an external factor prevented him from filing his petition. *Murray*, 477 U.S. at 488. In this case, Petitioner has failed to show something prevented Petitioner from filing his *pro se* notice of petition for certification.

(ECF No. 28 at 14.)

Although Petitioner argued in his habeas petition that direct appeal counsel refused to file his cross-petition for certification, Petitioner now argues that prison officials prevented him from sending outgoing legal mail. Petitioner also appears to argue that he was required to submit any *pro se* brief through counsel. (*See* ECF No. 35 at 4, citing Ex. D at 3.) Petitioner's conclusory argument that prison officials prevented him from sending outgoing legal mail is unsupported by any specific facts or evidence. The instant motion is devoid of any facts to show an external factor prevented Petitioner from filing his petition for certification. Petitioner's arguments are substantively unchanged from those asserted in his habeas petition. Thus, Petitioner's arguments fail to meet the high "extraordinary circumstances" standard required for relief under Rule 60(b)(6).

Petitioner's second argument in his motion for reconsideration simply reiterates ground three of his habeas petition. (ECF No. 35 at 4-6.) That ground is related to Petitioner's interrogation following his arrest. Petitioner appears to argue that the Court previously misconstrued his third ground for relief in its prior Opinion, because Petitioner was cited as arguing "[o]fficers used

7

excessive force to extort a statement from Petitioner about the crimes." (*See* ECF No. 28 at 7.) Petitioner states that ground three was premised on "Petitioner being compelled to incriminate himself and law enforcement authorities not respecting his right to the presence of counsel." (*Id.* at 6.) The Court notes that it did not previously analyze the merits of ground three, rather the Court only quoted Petitioner's title of his claim. Here, Petitioner simply restates his ground for habeas relief and makes no argument why the Court should reconsider the finding that ground three is procedurally defaulted and foreclosed from habeas relief. As such, Petitioner's second argument fails to show "extraordinary circumstances" necessary under Rule 60(b)(6).

### IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief from judgment (ECF No. 35) is **DENIED**. An appropriate order follows.

                                                             */s/Brian R. Martinotti*
                                                         **HON. BRIAN R. MARTINOTTI**
                                                         UNITED STATES DISTRICT JUDGE

Date: October 20, 2022